# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HERMAN G. MIRANDA, III,**

        **Plaintiff,**

-vs-                                        **Case No. 6:06-cv-1902-Orl-28KRS**

**PALMS HOTELS & VILLAS, LLC, M & M ENTERPRISES, INC.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS THE PALMS HOTEL & VILLAS, LLC AND M&M ENTERPRISES, INC. (Doc. No. 18)** |
| **FILED:** | **April 27, 2007** |

## I.  PROCEDURAL HISTORY.

On December 15, 2006, Plaintiff Herman G. Miranda III filed a complaint against The Palms Hotel & Villas (The Palms) and M&M Enterprises, Inc. (M&M Enterprises) alleging violations of the overtime and minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. Doc. No. 1. Miranda alleges that the defendants failed to pay him minimum wages and

overtime compensation while he was employed by The Palms and M&M Enterprises. Miranda seeks liquidated damages, attorneys' fees, and costs.

The complaint was served on each of the defendants. Doc. Nos. 7, 11. The Palms and M&M Enterprises did not respond to the complaint. Accordingly, at Miranda's request, the Clerk of Court entered a default against The Palms and M&M Enterprises. Doc. Nos. 8, 14. After the default was entered, Mark Manring, the owner and operator of The Palms, wrote to the Clerk asking to be released from the case, claiming that Miranda was not one of The Palms' employees. Doc. No. 15. An Order was entered in response to Manring's letter informing him that, as The Palms was a corporation, pursuant to Local Rule 2.03(e), it could only appear and be heard through counsel admitted to practice before this Court. Doc. No. 16. The Palms was cautioned that a default had been entered against it and that if it wished to defend itself, it had to obtain an attorney. *Id.* The Clerk of Court was instructed to send a copy of that Order to The Palms at the address provided in Manring's letter. *Id.* Despite the Order, an attorney never filed an appearance on behalf of The Palms, and The Palms did not move to vacate the default.

Thereafter, Miranda filed the present motion for default judgment against each of the defendants. Doc. No. 18. In support of his motion, he filed the following documents:

- Affidavit of Herman G. Miranda, doc. no. 18-2 (Miranda Aff.);

- Affidavit of Plaintiff's Attorney Fees and Costs, by K.E. Pantas, doc. No. 18-3 (Pantas Aff.);

- A time sheet for work performed by Miranda's attorneys, doc. no. 18-4 (Time Sheet); and

- An invoice of fees incurred in serving the defendants, doc. no. 18-5 (Invoice).

**II.     STANDARD OF REVIEW.**

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence

to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

### III. ALLEGATIONS OF THE COMPLAINT.

Miranda was employed by The Palms and M&M Enterprises as a security guard at a business located in Kissimmee, Florida. Doc. No. 1 ¶ 4. The Palms and M&M Enterprises are employers as defined by the FLSA, and Miranda was engaged in commerce as defined in the FLSA. *Id.* ¶¶ 5, 6, 8.

In Count I, Miranda alleges that he "worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he was employed." *Id.* ¶ 12. This violation was willful. *Id.*

In Count II, Miranda alleges that the defendants failed "to compensate [him] at a rate equal to the minimum wage requirement for work performed while employed by Defendants." *Id.* ¶ 14. This violation was willful. *Id.*

**IV.     ANALYSIS.**

    A.     *Liability*.

        1.     <u>FLSA Minimum Wage Claim</u>.

To establish a claim for payment of minimum wages under the FLSA, Miranda must establish the following:

> First, that he was employed by The Palms and M&M Enterprises during the time period involved;
>
> Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and
>
> Third, that the defendants failed to pay the minimum wage required by law.

Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By failing to answer the complaint, The Palms and M&M Enterprises admit that they employed Miranda during the time period involved in this case. They admit that Miranda was engaged in commerce. They admit that they failed to pay Miranda a minimum wage as required by the FLSA. This is sufficient to establish that The Palms and M&M Enterprises are liable to pay Miranda the minimum wages he is owed for his work.

        2.     <u>FLSA Overtime Compensation Claim</u>.

To prevail on his FLSA overtime claim, Miranda must establish the following:

> First, that he was employed by The Palms and M&M Enterprises during the time period involved;
>
> Second, that he was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and
>
> Third, that The Palms and M&M Enterprises failed to pay the overtime compensation required by law.

*See* Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

By failing to answer the complaint, The Palms and M&M Enterprises admit that they employed Miranda during the relevant time period. They admit that they were employers and were required to comply with the FLSA. They also admit that they failed to pay overtime compensation as required by the FLSA. This is sufficient to establish that The Palms and M&M Enterprises are liable to pay Miranda the overtime compensation he is owed for his work.

        3.        <u>Joint and Several Liability</u>.

Under the FLSA, "[a] single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act . . . ." 29 C.F.R. § 791.2(a). If such a situation occurs, "all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act . . . ." *Id.* An individual is an employee of more than one employer if the employee is "economically dependent" on both employers. *Antenor v. D & S Farms*, 88 F.3d 925, 932 (11th Cir. 1996).

By failing to answer the complaint, The Palms and M&M Enterprises admit that each of them jointly employed Miranda. Doc. No. 1 ¶ 7. Accordingly, The Palms and M&M Enterprises are jointly and severally liable for minimum wages and overtime compensation due under the FLSA but unpaid.

    *B.*    *Damages.*

Miranda relies on his affidavit to establish the compensation due under the FLSA. It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v.*

*Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). In this case, the defendants have not answered the complaint. Thus, I find that Miranda's affidavit is sufficient evidence to show the amount and extent of the work he performed, and provides an adequate basis for calculating his damages.

        1.        <u>Minimum Wages under the FLSA</u>.

Under the FLSA, Miranda is entitled to be compensated for the difference between the wages he received and $5.15 per hour for work he performed. 29 U.S.C. § 206(a)(1).[1] Miranda avers that he was employed by the defendants from January 1, 2005 through September 20, 2006, which is 90 weeks. Miranda Aff. ¶ 2. He avers that during that time, he "worked 40 hours a week for five (5) weeks without pay." *Id.* ¶ 7. Thus, for working 200 hours, the statutory minimum wage that should have been paid to Miranda is $1,030.00.[2] Because Miranda was not paid any wages for his work during that time period, the amount of compensation he is owed is not reduced by previously received wages.

        2.        <u>FLSA Overtime Claim</u>.

Under the FLSA, Miranda is entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty during a work week. *See* 29 U.S.C. § 207(a)(1). Under the FLSA, Miranda's overtime rate is based on his regular rate of pay (regardless of whether he can only

---

[1] The complaint seeks minimum wages under the FLSA, not under Florida law, which provides for a higher minimum wage during some of the period at issue. *See* FLA. CONST. ART. 10, § 24 (establishing a minium wage rate of $6.15 per hour, which went into effect on May 2, 2005). Accordingly, the applicable minimum wage for purposes of the motion for default judgment is $5.15 per hour.

[2] This figure is computed as follows: minimum wage ($5.15) multiplied by hours worked (200) totals $1,030.00.

recover the minimum wage for his non-overtime work). *Mumbower v. Callicott*, 526 F.2d 1183, 1187 (8th Cir. 1975) ("[29 U.S.C. §207(a)(1)] has been uniformly interpreted to require the fifty percent overtime premium to be added to the actual wage paid, not to the statutory minimum wage . . .").

Miranda avers that from January 1, 2005 through September 30, 2006, he "averaged 16 hours of overtime a week during [his] 90 week employment and did not receive one-half times [his] regular rate of [his] pay from the Palms Hotel & Villas, LLC and M&M Enterprises, Inc. for all hours worked over 40 per week." *Id.* ¶ 5. He avers that his regular rate was $8.50 per hour. *Id*. ¶ 4. Based on the evidence presented, Miranda is entitled to the overtime premium, one-half his regular rate of pay, or $4.25 per hour, for all hours of overtime worked. As he worked 1,440 hours of overtime, he is entitled to $6,120.00 in overtime compensation due and not paid.[3]

### 3. Liquidated Damages.

By failing to answer the complaint, The Palms and M&M Enterprises admit that they acted willfully in failing to pay Miranda the statutorily required minimum wage and overtime compensation. When, as here, the defendants have not presented a defense that their failure to pay minimum wages or overtime compensation was in good faith, the court must also require the employers to pay liquidated damages in an additional amount equal to "the amount of . . . [the employee's] unpaid . . . compensation." 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). Accordingly, The Palms and M&M Enterprises are liable to pay Miranda

---

[3] This figure is computed as follows: number of overtime hours per week (16) multiplied by the number of weeks worked (90) totals 1,440 hours. Total number of overtime hours worked (1,440) multiplied by the overtime premium (4.25) equals the amount of overtime compensation due ($6,120.00).

the amount of unpaid minimum wages and overtime compensation owed to him, $7,150.00 ($1,030.00 in minimum wages and $6,120.00 in overtime compensation), as liquidated damages.

  C.  *Attorneys' Fees and Costs*.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

Here, Miranda seeks $2,486.50 in fees for the services provided by his attorneys and their paralegal assistants in connection with this case, plus $401.75.00 in costs. Pantas Aff. ¶¶ 10, 12.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating additional factors to consider). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*,

836 F.2d at 1299 (internal citations omitted). It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id.*

      1.      <u>Reasonable Hourly Rate</u>.

Konstantine Pantas avers that he has been licensed to practice law in Florida since 1993. He has over eleven years of litigation experience and has practiced exclusively in the area of employment law since 2000. He seeks a rate of $250.00 per hour. Pantas Aff. ¶ 4.

Pantas avers that Jay M. Yenor, III, Esq., has been licensed to practice law in Florida since 1992, and has over fourteen years of litigation experience. Miranda seeks an hourly rate of $250.00 for Yenor's work. Pantas Aff. ¶ 5.

In other FLSA cases, this Court has previously determined that a reasonable rate for Pantas's services, considering the Orlando legal market, is $250.00 per hour. *See, e.g.*, *Reyes v. Falling Star Ent., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553, *3 (M.D.Fla. Oct.12, 2006). Considering the Orlando legal market and awards in similar cases, an hourly rate of $250.00 for work performed

by Pantas and Yenor, who has roughly comparable experience, is appropriate in the absence of objection.

Pantas avers that Harold Maurus has trained and worked as a paralegal, but does not indicate how long Maurus has trained or worked in such capacity. He has experience drafting pleadings, discovery, motions, and affidavits. Miranda seeks a rate of $95.00 per hour for Maurus's services. Pantas Aff. ¶ 6. Without evidence regarding the extent of Maurus's experience, or awards by other courts, this amount would be excessive.

Moreover, the only work Maurus performed in this case involved preparing a civil cover sheet and summonses. Time Sheet. This is administrative work that did not require a paralegal's experience or training. Accordingly, I recommend that the Court award no fees for work performed by Maurus.

Pantas avers that Vonya Gagnon has trained and worked as a paralegal since 1993, and has experience drafting pleadings, discovery, motions, and affidavits. Miranda seeks a rate of $95.00 per hour for Gagnon's services, which rate has been found reasonable by Florida state courts. *Id.* ¶ 7. I find that her hourly rate is reasonable, in the absence of objection, for the legal work she performed in this matter.

    2.  <u>Reasonable Number of Hours</u>.

Pantas avers that "[t]he time expended on this case was equally divided between all Plaintiffs." While Miranda is the only plaintiff in this case, it can be assumed that Pantas is referring to the plaintiff in *Angel Cosme v. The Palms Hotel & Villas, LLC*, 6:06-cv-1901-Orl-22UAM (*Cosme v. The Palms*). In that case, the plaintiff, who also worked for The Palms and M&M Enterprises, brought an action under the FLSA to recover unpaid wages. In comparing the Time Sheet in the present action

to the time sheet in *Cosme v. The Palms*, *id.* doc. no. 21-4, they are nearly identical. The only entries on the Time Sheet in the present case not included in the time sheet in *Cosme v. The Palms* is Gagnon's April 26, 2007 entry, which reflects that she worked 0.30 hours for meeting with Miranda to have him sign his affidavit of damages, and her March 21, 2007 entry, which reflects that she worked 0.20 hours for calling Miranda to inquire as to the status of his affidavit. A comparison of the documents filed in *Cosme v. The Palms*, such as the complaint, motion for entry of clerk's default, and motion for entry of final default judgment, with the documents filed in the present action, reveals that they are nearly identical. If Pantas contends that each Time Sheet reflects only one half of the time worked on each task, I find that the combined total of the hours worked would be unreasonable.[4]

Because the time spent by Miranda's attorneys and their support staff was divided evenly between the two cases, Miranda's attorneys are only entitled to one half of the hours that they seek in their motion for default judgment, except that Gagnon may be compensated for the time she worked only in this case, as discussed above. Therefore, I recommend that Pantas's hours be reduced from 2.5 to 1.25, Yenor's reduced from 6.8 to 3.4, and Gagnon's reduced from 1.1 to 0.8.

---

[4] For example, Yenor would have spent a combined total of 5.6 hours preparing motions for default judgments in the two cases. A comparison of the two motions and supporting affidavits reveals that they are form pleadings in which specific information is inserted regarding each plaintiff. Accordingly, 5.6 hours would be an excessive amount of time to have spent creating these documents.

3.  <u>Lodestar</u>.

Based on these recommendations, the lodestar attorneys' fee in this case is as follows:

| Attorney | Hourly Rate | Hours | Total |
| --- | ---: | ---: | ---: |
| Konstantine Pantas | $250.00 | 1.25 | $312.50 |
| Jay Yenor | $250.00 | 3.4 | $850.00 |
| Vonya Gagnon | $95.00 | 0.8 | $76.00 |
| Total Award: | | | $1,238.50 |

4.  <u>Costs</u>.

Miranda seeks costs in the amount of $401.75 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($51.75). Pantas Aff. ¶ 12. The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The filing fee and costs of service are permitted under § 1920. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001).

The docket sheet in this case reflects that Miranda paid the filing fee. Also, Miranda submitted evidence supporting the costs for service of process. Invoice. Therefore, I recommend that Miranda be awarded $401.75 in costs.

**V.   RECOMMENDATION.**

For the foregoing reasons, I recommend that Plaintiff's Motion for Entry of Default Judgment, doc. no. 18, be **GRANTED in part and DENIED in part**. I recommend that the Court enter a default judgment against The Palms Hotel & Villas, LLC and M&M Enterprises, Inc. on Miranda's

FLSA minimum wage and overtime compensation claims and order the defendants, jointly and severally, to pay Miranda damages in the amount of $14,300.00 (including liquidated damages), $1,238.50 in attorney's fees, and $401.75 in costs.  Finally, I recommend that the Court direct the Clerk to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 12, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy